# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LYDELL R. WALKER,            )
                     Petitioner,    )
v.                           )   Case No. CIV-06-504-F
                                    )
SAM CALBONE, WARDEN,         )
                     Respondent.    )

## **REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Petitioner filed his Petition in this Court on May 8, 2006.[1] On May 11, 2006, Petitioner filed a Request to Transfer Action [Doc. #7] stating that he wishes to transfer his action to the Northern District of Oklahoma.

In this action, Petitioner challenges his conviction in the District Court of Creek County, Oklahoma, in Case No. CF-2001-0096. He is presently incarcerated at Great Plains Correctional Facility in Hinton, Oklahoma.

Since Petitioner attacks his conviction in the District Court of Creek County located within the Northern District of Oklahoma, and since he is in custody at Great Plains Correctional Facility located within the Western District of Oklahoma, both federal district courts have jurisdiction to entertain Petitioner's habeas corpus petition. 28 U.S.C. § 2241(d).

---

[1] In response to Petitioner's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit, this Court's Order of May 9, 2006 [Doc. #6], advised Petitioner to either pay his $5 filing fee in full or provide additional information showing his inability to pay by May 29, 2006. In light of Petitioner's recent filing of his Request to Transfer Action, it is recommended Petitioner's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit [Doc. #2] be transferred along with the Petition for further proceedings.

Dockets.Justia.com

Pursuant to 28 U.S.C. § 2241(d), the district court for the district in which a habeas petition is filed, in the exercise of its discretion and in furtherance of justice, may transfer the petition to the other district for hearing and determination.

It has been a longstanding policy of this Court and the United States District Court for the Northern District of Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located, where trial counsel for the prosecution and for the petitioner are ostensibly available and where any necessary witnesses usually reside in the event an evidentiary hearing is necessary. Transportation of Petitioner to any hearing in the Northern District would be a modest expense for state and/or federal officials when compared to the costs of an evidentiary hearing in Oklahoma City. For these reasons, this case should be transferred to the Northern District of Oklahoma.

## **RECOMMENDATION**

In the interest of justice and upon balancing the convenience of the forums, it is recommended that Petitioner's Request to Transfer Action [Doc. #7] be granted and this case be transferred to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 2241(d).

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by June 5th, 2006. *See* LCvR72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 16th day of May, 2006.

*/s/ Valerie K. Couch*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE